AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
Los Angeles, CA 90071
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Facsimile:  (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION,
AND G.D. SEARLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| This document relates to | CASE NO. 3:07-cv-04383-CRB |
| TOM HILAMAN and LUCRETIA SHIVERS, | **PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** |
| Plaintiffs, | |
| vs. | **JURY DEMAND ENDORSED HEREIN** |
| PFIZER, INC., PHARMACIA CORPORATION, G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), and MONSANTO COMPANY, | |
| Defendants. | |

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file their Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted generally.    Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs were prescribed and used Celebrex®.

## II.

## ANSWER

## Response to Allegations Regarding Parties

1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted, and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed Celebrex®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Celebrex®, *see* PLAINTIFFS' COMPLAINT at ¶ 6, Defendants assume Plaintiffs mean to refer to 1933 Monsanto.  As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   in accordance with its FDA-approved prescribing information.  Defendants state that the

2   potential effects of Celebrex® were and are adequately described in its FDA-approved

3   prescribing information, which was at all times adequate and comported with applicable

4   standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused

5   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

6   Complaint.

7   2.       Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

9   medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

10  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

11  and deny the remaining allegations in this paragraph of the Complaint.

12  3.       Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

14  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

15  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

16  and deny the remaining allegations in this paragraph of the Complaint.

17  4.       Defendants admit that Pfizer is a Delaware corporation with its principal place of

18  business in New York.  Defendants admit that, as the result of a merger in April 2003,

19  Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph

20  of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants

21  are without knowledge or information sufficient to form a belief as to the truth of such

22  allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of

23  time, Pfizer marketed and co-promoted Celebrex® in the United States, including California, to

24  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

25  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

26  paragraph of the Complaint.

27  5.       Defendants admit that Searle is a Delaware limited liability company with its principal

28  place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

6.     Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Celebrex®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a proper party in this matter. Defendants deny the remaining allegations in this paragraph of the Complaint. Defendants state that the response to this paragraph of the Complaint regarding Monsanto is incorporated by reference into Defendants' responses to each and every paragraph of the Complaint referring to Monsanto and/or Defendants.

7.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Response to Allegations Regarding Jurisdiction and Venue**

2     8.      Defendants are without knowledge or information to form a belief as to the truth of the

3     allegations in this paragraph of the Complaint regarding the amount in controversy, and,

4     therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount

5     in controversy exceeds $75,000, exclusive of interests and costs.

6     9.      Defendants are without knowledge or information to form a belief as to the truth of the

7     allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

8     in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim

9     that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

10    interests and costs.

11    10.     Defendants are without knowledge or information to form a belief as to the allegations

12    in this paragraph of the Complaint regarding the judicial district in which the asserted claims

13    allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe

14    and effective when used in accordance with its FDA-approved prescribing information.

15    Defendants deny committing a tort in the States of California, Florida, and North Carolina, and

16    deny the remaining allegations in this paragraph of the Complaint.

17    11.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

19    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

20    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

21    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

22    Celebrex® in the United States to be prescribed by healthcare providers who are by law

23    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

24    that Pfizer, Pharmacia, and Searle are registered to and do business in the State of and

25    California.  Defendants state that the allegations in this paragraph of the Complaint regarding

26    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

27    information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the same. Defendants deny committing a tort in the States of California, Florida, and North Carolina, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Allegations Regarding Interdistrict Assignment

12.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

## Response to Factual Allegations

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   approved prescribing information, which was at all times adequate and comported with

2   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

3   remaining allegations in this paragraph of the Complaint.

4   16.    Defendants state that the allegations in this paragraph of the Complaint regarding

5   aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no

6   response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times,

7   referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the

8   remaining allegations in this paragraph of the Complaint.

9   17.    Defendants state that the allegations in this paragraph of the Complaint are not directed

10  towards Defendants and, therefore, no response is required.  To the extent that a response is

11  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

12  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

13  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

14  18.    Defendants state that the allegations in this paragraph of the Complaint are not directed

15  towards Defendants and, therefore, no response is required.  To the extent that a response is

16  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

17  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

18  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19  19.    Defendants state that the allegations in this paragraph of the Complaint are not directed

20  towards Defendants and, therefore, no response is required.  To the extent that a response is

21  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

22  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

23  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

24  20.    Defendants state that the allegations in this paragraph of the Complaint are not directed

25  towards Defendants and, therefore, no response is required.  To the extent that a response is

26  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

27  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

28  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

21.     Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiffs fail to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

22.     Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

23.     Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.  Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny the remaining allegations in this paragraph of the Complaint.

24.     Defendants admit that Celebrex® was launched in February 1999. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

26.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

27.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny the allegations in this paragraph of the Complaint.

3    28.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8    the Complaint.

9    29.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

10   on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

11   characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

12   2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

13   and respectfully refer the Court to the study for its actual language and text.  Any attempt to

14   characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

15   the Complaint.

16   30.    Defendants state that the referenced Medical Officer Review speaks for itself and

17   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

18   attempt to characterize the Medical Officer Review is denied.  Defendants state that the

19   referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court

20   to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to

21   characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining

22   allegations in this paragraph of the Complaint.

23   31.    Defendants state that the referenced study speaks for itself and respectfully refer the

24   Court to the study for its actual language and text.  Any attempt to characterize the study is

25   denied.  Defendants state that the referenced article speaks for itself and respectfully refer the

26   Court to the article for its actual language and text.  Any attempt to characterize the article is

27   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

28   paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

32.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

33.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.     Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

35.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

36.     Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

37.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

1    Defendants deny the remaining allegations in this paragraph of the Complaint.

2    38.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

3    referenced article speaks for itself and respectfully refer the Court to the article for its actual

4    language and text.  Any attempt to characterize the article is denied.  Defendants deny the

5    remaining allegations in this paragraph of the Complaint.

6    39.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

7    and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

8    and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

9    Defendants deny the remaining allegations in this paragraph of the Complaint.

10   40.    Defendants state that the referenced Medical Officer Review speaks for itself and

11   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

12   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

13   allegations in this paragraph of the Complaint.

14   41.    Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide

15   the proper context for the allegations concerning "other Celebrex trials" contained in this

16   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

17   form a belief as to the truth of such allegations and, therefore, deny the same.  As for the

18   allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state

19   that the referenced study speaks for itself and respectfully refer the Court to the study for its

20   actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the

21   remaining allegations in this paragraph of the Complaint.

22   42.    Defendants state that the referenced article speaks for itself and respectfully refer the

23   Court to the article for its actual language and text.  Any attempt to characterize the article is

24   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25   43.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

26   Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

27   therefore lack sufficient information or knowledge to form a belief as to the truth of such

28   allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

44.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

45.     Defendants state that allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

46.     Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

therefore no response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

48.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the allegations in this paragraph of the Complaint.

49.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

50.     Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

51.     Defendants deny the allegations in this paragraph of the Complaint.

52.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

53. Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

54. Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

55. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

57. Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendants admit that the DDMAC sent a letter to Searle dated October 6, 1999. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text. Any attempt to

1  characterize the transcripts is denied.  Defendants state that the referenced study speaks for

2  itself and respectfully refer the Court to the article for its actual language and text.  Any attempt

3  to characterize the article is denied.   Defendants deny the remaining allegations in this

4  paragraph of the Complaint.

5  58.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants state that the potential effects of

7  Celebrex® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

10  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

11  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

12  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

13  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

14  United States to be prescribed by healthcare providers who are by law authorized to prescribe

15  drugs in accordance with their approval by the FDA.   Defendants deny the remaining

16  allegations in this paragraph of the Complaint.

17  59.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Celebrex® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

22  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

23  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

24  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

25  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

26  United States to be prescribed by healthcare providers who are by law authorized to prescribe

27  drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a

28  prescription medication which is approved by the FDA for the following indications: (1) for

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

2   rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

3   treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

4   in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

5   surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

6   relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

7   and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this

8   paragraph of the Complaint.

9   60.      Defendants state that Celebrex® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Celebrex® were and are adequately described in its FDA-approved prescribing information,

12  which at all times was adequate and comported with applicable standards of care and law.

13  Defendants state that Plaintiffs' allegations in this paragraph of the Complaint regarding

14  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

15  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

16  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

17  allegations in this paragraph of the Complaint.

18  61.      Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Celebrex® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

23  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

24  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

25  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

26  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

27  United States to be prescribed by healthcare providers who are by law authorized to prescribe

28

1   drugs in accordance with their approval by the FDA. Defendants deny the remaining

2   allegations in this paragraph of the Complaint.

3   62.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information. Defendants state that the potential effects of

5   Celebrex® were and are adequately described in its FDA-approved prescribing information,

6   which at all times was adequate and comported with applicable standards of care and law.

7   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

8   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

9   law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

10  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

11  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

12  United States to be prescribed by healthcare providers who are by law authorized to prescribe

13  drugs in accordance with their approval by the FDA. Defendants deny the remaining

14  allegations in this paragraph of the Complaint.

15  63.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information. Defendants state that the potential effects of

17  Celebrex® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

20  the Complaint.

21  64.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information. Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26  the Complaint.

27  65.    Defendants deny the allegations in this paragraph of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

66.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

67.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

68.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

69.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

70.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

71.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

72.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

73.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

74.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    75.    Defendants state that this paragraph of the Complaint contains legal contentions to

4    which no response is required.  To the extent that a response is deemed required, Defendants

5    admit that they had duties as are imposed by law but deny having breached such duties.

6    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

7    FDA-approved prescribing information.    Defendants state that the potential effects of

8    Celebrex® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11   the Complaint.

12   76.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17   the Complaint, including all subparts.

18   77.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

20   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   state that the potential effects of Celebrex® were and are adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

25   remaining allegations in this paragraph of the Complaint.

26   78.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3  the Complaint.

4  79.    Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

6  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

7  effective when used in accordance with its FDA-approved prescribing information. Defendants

8  state that the potential effects of Celebrex® were and are adequately described in its FDA-

9  approved prescribing information, which was at all times adequate and comported with

10 applicable standards of care and law. Defendants deny any wrongful conduct, deny that

11 Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

12 paragraph of the Complaint.

13 80.    Defendants are without knowledge or information sufficient to form a belief as to the

14 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

15 Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that

16 Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

17 paragraph of the Complaint.

18 81.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

19 damage, and deny the remaining allegations in this paragraph of the Complaint.

20 82.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

21 damage, and deny the remaining allegations in this paragraph of the Complaint.

22                    **Response to Second Cause of Action: Strict Liability**

23 83.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

24 Complaint as if fully set forth herein.

25 84.    Defendants are without knowledge or information sufficient to form a belief as to the

26 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

27 Celebrex®, and, therefore, deny the same. Defendants admit that, during certain periods of

28 time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

85. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

86. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

87. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

88. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which was at all times adequate and comported with applicable standards of care and law.
2   Defendants deny that Celebrex® is unreasonably dangerous and deny the remaining allegations
3   in this paragraph of the Complaint.

4   89.    Defendants are without knowledge or information sufficient to form a belief as to the
5   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
6   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and
7   effective when used in accordance with its FDA-approved prescribing information.  Defendants
8   state that the potential effects of Celebrex® were and are adequately described in its FDA-
9   approved prescribing information, which was at all times adequate and comported with
10  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that
11  Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the
12  remaining allegations in this paragraph of the Complaint.

13  90.    Defendants state that Celebrex® was and is safe and effective when used in accordance
14  with its FDA-approved prescribing information.  Defendants state that the potential effects of
15  Celebrex® were and are adequately described in its FDA-approved prescribing information,
16  which was at all times adequate and comported with applicable standards of care and law.
17  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the
18  remaining allegations in this paragraph of the Complaint.

19  91.    Defendants are without knowledge or information sufficient to form a belief as to the
20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
21  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and
22  effective when used in accordance with its FDA-approved prescribing information.  Defendants
23  state that the potential effects of Celebrex® were and are adequately described in its FDA-
24  approved prescribing information, which was at all times adequate and comported with
25  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that
26  Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the
27  remaining allegations in this paragraph of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    92.    Defendants state that Celebrex® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information.  Defendants state that the potential effects of

3    Celebrex® were and are adequately described in its FDA-approved prescribing information,

4    which was at all times adequate and comported with applicable standards of care and law.

5    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6    the Complaint.

7    93.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

9    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

10   effective when used in accordance with its FDA-approved prescribing information.  Defendants

11   state that the potential effects of Celebrex® were and are adequately described in its FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

14   Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

15   paragraph of the Complaint.

16   94.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Celebrex® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint.

22   95.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

24   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

25   effective when used in accordance with its FDA-approved prescribing information.  Defendants

26   state that the potential effects of Celebrex® were and are adequately described in its FDA-

27   approved prescribing information, which was at all times adequate and comported with

28

1   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2   remaining allegations in this paragraph of the Complaint.

3   96.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

4   damage, and deny the remaining allegations in this paragraph of the Complaint.

5   97.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

6   damage, and deny the remaining allegations in this paragraph of the Complaint.

7   98.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

8   damage, and deny the remaining allegations in this paragraph of the Complaint.

9   **Response to Third Cause of Action: Breach of Express Warranty**

10  99.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

11  Complaint as if fully set forth herein.

12  100.   Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

14  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15  effective when used in accordance with its FDA-approved prescribing information.  Defendants

16  state that the potential effects of Celebrex® were and are adequately described in its FDA-

17  approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law.  Defendants admit that they provided FDA-approved

19  prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

20  this paragraph of the Complaint.

21  101.   Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

23  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

24  effective when used in accordance with its FDA-approved prescribing information.  Defendants

25  state that the potential effects of Celebrex® were and are adequately described in its FDA-

26  approved prescribing information, which was at all times adequate and comported with

27  applicable standards of care and law.  Defendants admit that they provided FDA-approved

28

prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

102.    Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

109.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

110.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

119.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

120.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

122.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

1  Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

2  paragraph of the Complaint.

3  124.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4  with its FDA-approved prescribing information.  Defendants state that the potential effects of

5  Celebrex® were and are adequately described in its FDA-approved prescribing information,

6  which was at all times adequate and comported with applicable standards of care and law.

7  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8  the Complaint.

9  125.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

11  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

12  effective when used in accordance with its FDA-approved prescribing information.  Defendants

13  state that the potential effects of Celebrex® were and are adequately described in its FDA-

14  approved prescribing information, which was at all times adequate and comported with

15  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

16  remaining allegations in this paragraph of the Complaint.

17  126.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

19  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

20  effective when used in accordance with its FDA-approved prescribing information.  Defendants

21  state that the potential effects of Celebrex® were and are adequately described in its FDA-

22  approved prescribing information, which was at all times adequate and comported with

23  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

24  remaining allegations in this paragraph of the Complaint.

25  127.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

27  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28  effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-31-

ANSWER TO COMPLAINT – 3:07-cv-04383-CRB

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    131.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

2    damage, and deny the remaining allegations in this paragraph of the Complaint.

3    132.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

4    damage, and deny the remaining allegations in this paragraph of the Complaint.

5    133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

6    damage, and deny the remaining allegations in this paragraph of the Complaint.

7    **Response to Sixth Cause of Action: Unjust Enrichment**

8    134.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

9    Complaint as if fully set forth herein.

10   135.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

12   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

13   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

14   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

15   Celebrex® in the United States to be prescribed by healthcare providers who are by law

16   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

17   the remaining allegations in this paragraph of the Complaint.

18   136.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

20   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

21   paragraph of the Complaint.

22   137.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

24   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

25   paragraph of the Complaint.

26   138.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

28   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

139.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

140.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer for Relief

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**First Defense**

1. The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2. Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law. Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3. At all relevant times, Defendants provided proper warnings, information, and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4. At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed, and distributed.

**Fifth Defense**

5. Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6. Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7. Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8. The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

1    omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

2    part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

3    liable in any way.

4    **Ninth Defense**

5    9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

6    intervening causes for which Defendants cannot be liable.

7    **Tenth Defense**

8    10.    Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were

9    proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

10   of God.

11   **Eleventh Defense**

12   11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

13   **Twelfth Defense**

14   12.    A manufacturer has no duty to warn patients or the general public of any risk,

15   contraindication, or adverse effect associated with the use of a prescription medical product.

16   Rather, the law requires that all such warnings and appropriate information be given to the

17   prescribing physician and the medical profession, which act as a "learned intermediary" in

18   determining the use of the product.  Celebrex® is a prescription medical product, available only

19   on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs'

20   treating and prescribing physicians.

21   **Thirteenth Defense**

22   13.    The product at issue was not in a defective condition or unreasonably dangerous at the

23   time it left the control of the manufacturer or seller.

24   **Fourteenth Defense**

25   14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

26   for its intended use and the warnings and instructions accompanying Celebrex® at the time of

27   the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved

28   usages.

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.    Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   and Plaintiffs' causes of action are preempted.

2                               **Twenty-third Defense**

3   23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

4   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

5   issue under applicable federal laws, regulations, and rules.

6                               **Twenty-fourth Defense**

7   24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

8   action concerning matters regulated by the Food and Drug Administration under applicable

9   federal laws, regulations, and rules.

10                              **Twenty-fifth Defense**

11  25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

12  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

13  of Comment j to Section 402A of the Restatement (Second) of Torts.

14                              **Twenty-sixth Defense**

15  26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

16  because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

17  Restatement (Second) of Torts § 402A, Comment k.

18                              **Twenty-seventh Defense**

19  27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

20  product at issue "provides net benefits for a class of patients" within the meaning of Comment f

21  to § 6 of the Restatement (Third) of Torts: Products Liability.

22                              **Twenty-eighth Defense**

23  28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

24  Products Liability.

25                              **Twenty-ninth Defense**

26  29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

27  facts sufficient under the law to justify an award of punitive damages.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Thirtieth Defense**

2    30.    Defendants affirmatively aver that the imposition of punitive damages in this case

3    would violate Defendants' rights to procedural due process under both the Fourteenth

4    Amendment of the United States Constitution and the Constitutions of the States of North

5    Carolina, Florida, and California, and would additionally violate Defendants' rights to

6    substantive due process under the Fourteenth Amendment of the United States Constitution.

7    **Thirty-first Defense**

8    31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

9    Fourteenth Amendments to the United States Constitution.

10    **Thirty-second Defense**

11    32.    The imposition of punitive damages in this case would violate the First Amendment to

12    the United States Constitution.

13    **Thirty-third Defense**

14    33.    Plaintiffs' punitive damage claims are preempted by federal law.

15    **Thirty-fourth Defense**

16    34.    In the event that reliance was placed upon Defendants' nonconformance to an express

17    representation, this action is barred as there was no reliance upon representations, if any, of

18    Defendants.

19    **Thirty-fifth Defense**

20    35.    Plaintiffs failed to provide Defendants with timely notice of any alleged

21    nonconformance to any express representation.

22    **Thirty-sixth Defense**

23    36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without

24    proof of causation, the claims violate Defendants' rights under the United States Constitution.

25    **Thirty-seventh Defense**

26    37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

27    labeling with respect to the subject pharmaceutical products were not false or misleading and,

28

1  therefore, constitute protected commercial speech under the applicable provisions of the United

2  States Constitution.

3  ### Thirty-eighth Defense

4  38.  To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

5  caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

6  law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

7  protections afforded by the United States Constitution, the excessive fines clause of the Eighth

8  Amendment of the United States Constitution, the Commerce Clause of the United States

9  Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

10  applicable provisions of the Constitutions of the States of North Carolina, Florida, and

11  California.  Any law, statute, or other authority purporting to permit the recovery of punitive

12  damages in this case is unconstitutional, facially and as applied, to the extent that, without

13  limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's

14  discretion in determining whether to award punitive damages and/or the amount, if any; (2) is

15  void for vagueness in that it failed to provide adequate advance notice as to what conduct will

16  result in punitive damages; (3) permits recovery of punitive damages based on out-of-state

17  conduct, conduct that complied with applicable law, or conduct that was not directed, or did not

18  proximately cause harm, to Plaintiffs ; (4) permits recovery of punitive damages in an amount

19  that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to

20  the amount of compensatory damages, if any; (5) permits jury consideration of net worth or

21  other financial information relating to Defendants; (6) lacks constitutionally sufficient standards

22  to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks

23  constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

24  otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific

25  Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance

26  Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559

27  (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Thirty-ninth Defense

2  39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

3  and marketing of Celebrex®, if any, used in this case, included adequate warnings and

4  instructions with respect to the product's use in the package insert and other literature, and

5  conformed to the generally recognized, reasonably available, and reliable state of the

6  knowledge at the time the product was marketed.

7

### Fortieth Defense

8  40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

9  tested, manufactured, and labeled in accordance with the state-of-the-art industry standards

10  existing at the time of the sale.

11

### Forty-first Defense

12  41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

13  information and belief, such injuries and losses were caused by the actions of persons not

14  having real or apparent authority to take said actions on behalf of Defendants and over whom

15  Defendants had no control and for whom Defendants may not be held accountable.

16

### Forty-second Defense

17  42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

18  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

19  intended, and was distributed with adequate and sufficient warnings.

20

### Forty-third Defense

21  43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

22  waiver, and/or estoppel.

23

### Forty-fourth Defense

24  44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

25  pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or

26  illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

27  independent of or far removed from Defendants' conduct.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiffs would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs .

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Fifty-second Defense

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.     Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.    Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Fifty-seventh Defense

2  57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

3  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

4  Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

5  damages is also barred under California Civil Code § 3294(b).

6

### Fifty-eighth Defense

7  58.    Upon information and belief, Plaintiffs' claims may be barred by the provisions of N.C.

8  Gen. Stat. § 99B-4(1) in that the use of the product may have been contrary to express and

9  adequate instructions or warnings provided to Plaintiffs by their physician(s).

10

### Fifty-ninth Defense

11  59.    Upon information and belief, Plaintiffs continued to use Celebrex® after learning of its

12  alleged defects.  Accordingly, Plaintiffs' claims are barred by North Carolina common law and

13  N.C. Gen. Stat. § 99B-4(2).

14

### Sixtieth Defense

15  60.    If it is discovered that Plaintiffs failed to exercise reasonable care under the

16  circumstances in the use of Celebrex®, and Plaintiffs' failure was a proximate cause of

17  Plaintiffs' alleged injuries, then the provisions of N.C. Gen. Stat. § 99B-4(3) are pled as a

18  complete bar to Plaintiffs' right to recover against Defendants.

19

### Sixty-first Defense

20  61.    Plaintiffs' claims are barred by N.C. Gen. Stat. § 99B-5(c), which expressly limits

21  Defendants' responsibility to provide product warnings directly to consumers of prescription

22  drugs.

23

### Sixty-second Defense

24  62.    Plaintiffs' product liability claims are barred by the defenses recognized by N.C. Gen.

25  Stat. § 99B-6, and all of its subparts.

26

### Sixty-third Defense

27  63.    To the extent not separately stated, Defendants plead as an affirmative defense all the

28  applicable defenses provided in N.C. Gen. Stat. Ch. 99B.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Sixty-fourth Defense

64.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule 1.120 of the Florida Rules of Civil Procedure.

### Sixty-fifth Defense

65.    Plaintiffs' claims are barred because Celebrex® was designed, manufactured, and marketed in accordance with the state of the art at the time of manufacture per § 768.1257, Florida Statutes.

### Sixty-sixth Defense

66.    Celebrex® is not defective or unreasonably dangerous, and Defendants are not liable because, at the time of sale or distribution of the Celebrex® alleged to have been used by Plaintiffs, Defendants had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of § 768.1256, Florida Statutes.

### Sixty-seventh Defense

67.    Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs' recovery.  Thus, Defendants are entitled to have their liability to the Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of § 768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to §§ 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendants' percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability.  The persons or entities referred to in this paragraph that are presently unknown to Defendants will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

### Sixty-eighth Defense

68.    Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-ninth Defense**

69.     FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs' FDUTPA claim is improper and should be dismissed.

**Seventieth Defense**

70.     The acts or practices of which Plaintiffs complain were and are required or specifically permitted by federal or state law.  Therefore, Plaintiffs' FDUTPA claim is barred, fails to state a claim, and should be dismissed with prejudice.

**Seventy-first Defense**

71.     Plaintiffs lack standing because Defendants did not engage in deceptive conduct with regard to Plaintiffs or otherwise.

**Seventy-second Defense**

72.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendants be awarded their costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses, or damages is attributable to each person;

5.     That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.     That Defendants have such other and further relief as the Court deems appropriate.

1    September 25, 2007                               GORDON & REES LLP

2

3                                                     By:_____/s/_____

4                                                         Stuart M. Gordon
                                                          sgordon@gordonrees.com
                                                          Embarcadero Center West
5                                                         275 Battery Street, 20th Floor
                                                          San Francisco, CA 94111
6                                                         Telephone:  (415) 986-5900
                                                          Fax:  (415) 986-8054
7

8    September 25, 2007                               TUCKER ELLIS & WEST LLP

9

10                                                    By:_____/s/_____

11                                                       Michael C. Zellers
                                                          michael.zellers@tuckerellis.com
                                                          515 South Flower Street, Suite 4200
12                                                        Los Angeles, CA 90071
                                                          Telephone:  (213) 430-3400
13                                                        Fax:  (213) 430-3409

14                                                       Attorneys for Defendants
                                                          PFIZER INC., PHARMACIA
15                                                        CORPORATION, and G.D. SEARLE
                                                          LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2     Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3     trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4     Procedure.

5     September 25, 2007                              GORDON & REES LLP

6

7                                                     By: _____/s/_____

8                                                         Stuart M. Gordon
                                                          sgordon@gordonrees.com
9                                                         Embarcadero Center West
                                                          275 Battery Street, 20th Floor
10                                                        San Francisco, CA  94111
                                                          Telephone:  (415) 986-5900
11                                                        Fax:  (415) 986-8054

12    September 25, 2007                              TUCKER ELLIS & WEST LLP

13

14                                                    By: _____/s/_____

15                                                        Michael C. Zellers
                                                          michael.zellers@tuckerellis.com
16                                                        515 South Flower Street, Suite 4200
                                                          Los Angeles, CA 90071
17                                                        Telephone:  (213) 430-3400
                                                          Fax:  (213) 430-3409

18                                                        Attorneys for Defendants
                                                          PFIZER INC., PHARMACIA
19                                                        CORPORATION, and G.D. SEARLE
                                                          LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111